SIROCCO ENGINEERING CO. v. B. F. STURTEVANT CO.

(Circuit Court, S. D. New York. June 12, 1909.)

1. PATENTS (§ 312*)—SUIT FOR INFRINGEMENT—REISSUE.

A delay of seven years before applying for a reissue raises a presumption of laches, and imposes the burden upon the complainant, in a suit for infringement of the reissue, to allege and prove facts in excuse.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 312.*]

2. PATENTS (§ 310*)—REISSUES—CONSTRUCTION OF CLAIMS.

On demurrer, claims in a reissue patent should not be regarded as the same as those in the original patent, although in identical words, where the specifications are different, and the bill does not show that the changes in the specifications make no material change in the scope of the claim.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. On demurrer to bill.

Arthur C. Fraser, for complainant.

Omri F. Hibbard, for defendant.

NOYES, Circuit Judge. Whether the reissues enlarge or restrict the claims of the original patent, it is my opinion that the delay of more than seven years in applying for them requires explanation upon the part of the complainant. Such delay, unexplained and unexcused, would I think, constitute laches and prevent a recovery.

The complainant, however, points out that several of the claims of the original patent appear unchanged in the reissued patents, and urges that the validity of these original claims is not impaired by any invalidity in the new claims. This would undoubtedly be true if the claims in legal effect, as well as in language, remained the same. But the claims, although in the identical words, might be essentially different in scope, when read in connection with materially different specifications.

Now the specifications in the reissued patents are different from the specifications in the original patent. The complainant itself contends that in the absence of expert testimony it is impossible for the court to determine just what effect the changes in the specifications have upon the scope of the claims. Accepting this contention as well founded, I think it clear that claims in a reissued patent should not, upon demurrer, be regarded as the same as those in the original patent, although in the identical words, where the specifications are different, and where the bill of complaint wholly fails to show that the changes in the specifications make no material change in the scope of the claims.

If the complainant relies upon the new claims in the reissued patents, it should explain the delay in applying for them. If it relies upon the claims of the original patent as being unchanged by the reissues, it should allege and show that they were unchanged by the alterations in the specifications.

The demurrer to the bill of complaint is sustained, with costs; but the complainant may within 30 days from the date of this decision, and upon the payment of such costs, amend its complaint in the particulars pointed out in the preceding paragraph.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes